UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Laborde                                                               Civil Action No. 16-00734

versus                                                                Judge Robert G. James

Northwestern Mutual Life Ins. Co.         Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the district judge, is an unopposed Motion For Summary Judgment filed by Plaintiff, Kenneth J. Laborde, M.D. [Rec. Doc. 10]. For the reasons that follow, the undersigned will recommend that Plaintiff's unopposed Motion For Summary Judgment be granted.

*I. Procedural and Factual Background*

This action arises from Plaintiff's claim for breach of contract against Northwestern Mutual Life Insurance Company ("NML") related to six disability insurance policies Plaintiff alleges he purchased from NML. Plaintiff further alleges he suffers from a severe and disabling condition which makes it impossible for him to perform his occupation as a surgeon specializing in micro surgery. Plaintiff alleges that despite filing claims under the NML polices on or about April 1, 2014, NML has failed to pay the benefits due under the policies. Plaintiff requests specific performance requiring NML to commence paying the monthly disability payments

owed, the past disability benefits due, and future benefits at an uninterrupted pace, as well as return of premiums paid after the onset of the disability and waiver of premium so long as his disability continues, pursuant to the terms of the policies.

On August 1, 2016, the Court issued a Civil Case Management Order, which ordered the filing of either a stipulation or a motion for summary judgment within sixty days of the order on the issue of whether the claims in this case are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et al* ("ERISA"). Plaintiff contends he has been unable to obtain such a stipulation from counsel for NML, and therefore, filed the instant Motion For Summary Judgment that ERISA does not apply to the claims in this case. NML has not filed an opposition to Plaintiff's Motion.[1]

The fact that the motion is unopposed does not necessarily mean defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*,

---

[1] The deadline to file NML's opposition to the Motion was October 21, 2016. *LR 7.5.*

776 F.2d 1277, 1279 (5th Cir.1985)). Failure to file an opposition and statement of contested material facts, however, requires the Court to deem statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2*.

Congress enacted the Employment Retirement Income Security Act, 29 U.S.C. §1001, *et seq.* ("ERISA") to provide for "a uniform regulatory scheme over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). The existence of an employee welfare benefit plan is thus an essential element of a claim for benefits under ERISA § 502(a)(1)(B). ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries." 29 U.S.C. § 1002(1).

Plaintiff's Complaint alleges benefits pursuant to six disability insurance policies purchased individually by Plaintiff. *R.1.* There is no indication that the policies at issue have any connection with ERISA. Rather, Plaintiff's declaration states that the policies were issued to him individually and "in no way involved any group or group-type insurance and had absolutely no connection whatsoever with any employment or employment benefits." *R.10-2, Exh. 1, Declaration of Laborde.*

Based on the undisputed facts of this matter, including Plaintiff's Declaration

and the Statement of Uncontested Facts, *R. 10-2, 10-3,* the undersigned recommends that the unopposed Motion For Summary Judgment filed by Plaintiff, Kenneth J. Laborde, M.D. [Rec. Doc. 10] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed in Lafayette, Louisiana on this 14th day of November, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE