# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH J. LABORDE, M.D.** | **CIVIL ACTION NO. 16-0734** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **NORTHWESTERN MUTUAL LIFE INSURANCE CO.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

This is an action brought by Plaintiff Kenneth J. Laborde, M.D. ("Laborde") against his insurer, Defendant Northwestern Mutual Life Insurance Co. ("Northwestern") for breach of contract, attorney's fees, and statutory penalties pursuant to La. Rev. Stat. § 22:1821. Laborde, a surgeon, brought suit after Northwestern denied his application for disability benefits after he suffered a rotator cuff injury and could no longer perform hand microsurgery.

Pending before the Court is Northwestern's Motion *in Limine* [Doc. No. 32]. Northwestern moves the Court to exclude from evidence (1) Laborde's claims that Northwestern breached the insurance contract by failing to provide disability benefits based on conditions he suffered after the filing of his Complaint and which were not the subject of an amended complaint and (2) any expert testimony by Laborde's accountant. Laborde opposes the motion. [Doc. No. 38]. Northwestern filed a reply memorandum. [Doc. No. 46].

For the following reasons, the Motion *in Limine* is GRANTED IN PART and DENIED IN PART.

A.      **Claims Not Pleaded in the Complaint**

Northwestern first argues that the Court should exclude from evidence Laborde's claims that Northwestern breached the insurance contract by failing to provide disability benefits based on conditions he suffered after the filing of his Complaint and which were raised for the first time in his opposition to Northwestern's Motion for Summary Judgment. Because the deadline for amending the Complaint passed on March 2, 2017, Northwestern argues that Laborde cannot add these "new claims of disability." [Doc. No. 32, p. 2]. Instead, Northwestern contends that Laborde should be limited to arguing that he was/is disabled based on the right rotator cuff tear that was diagnosed on March 11, 2014.

Laborde responds that his Complaint pleads two causes of action: a breach of contract claim for Northwestern's refusal to pay disability benefits under several disability insurance contracts and a claim for penalties and attorney fees under La. Rev. Stat. § 22:1821 for the alleged bad faith refusal to pay the benefits under the disability insurance contracts. Laborde contends that the disability insurance contracts insured him against any illness or injury which rendered him disabled in his ability to perform his occupation as a microsurgeon, and no new claims have been added. However, following the filing of the Complaint, Laborde had an accident causing damage to his finger and developed a heart condition, both of which he contends have continued his disability, so that he cannot return to performing microsurgery. Laborde placed Northwestern on notice of these additional conditions by filing a second Request for Disability Benefits with Northwestern on June 1, 2016, six days after the Complaint was filed, Northwestern has conducted discovery, and obtained disclosure regarding all Laborde's medical conditions.

Northwestern responds that Laborde pled only one claim: that he is disabled from

2

performing microsurgery because of his shoulder condition. Laborde failed to move to amend in a timely manner to assert claims of later developed disabilities. Therefore, Northwestern argues that Laborde should not be allowed to present evidence on the alleged disabilities which were never included in a complaint or amended complaint.

During the pre-trial conference, in response to a question from the Court, Laborde's counsel expounded on his opposition memorandum, explaining that Laborde's later developed conditions have limited the number of general surgeries he can perform as well as completely preventing him from performing microsurgery.

First, the parties apparently contest what constitutes the "claim" in this case for purposes of amending the complaint. Northwestern characterizes Laborde's claim as one for damages based on the denial of disability benefits for his rotator cuff or shoulder injury. Laborde contends, in his memorandum, that his claims are for breach of contract and statutory penalties based on Northwestern's denial of disability benefits and that his later developed conditions are merely additional facts of which Northwestern has been aware and which show that he continues to be unable to return to his occupation of microsurgery. In the pre-trial conference, Laborde's counsel expanded this claim to include Laborde's inability to perform or limitation on the number of general surgeries he performs as well.

"Under Federal Rule of Civil Procedure 8(a)(2), a [complaint] must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the [Supreme] Court held in *[Bell Atlantic Corp. v.] Twombly*, 550 U.S. 544 . . . , the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

3

(citing *Twombly*, 550 U.S. at 555). In this case, there is no claim that Laborde failed to meet the requirements of Rule 8 when he initially filed his Complaint.

However, the issue becomes whether, when, and in what manner Laborde must move to amend his Complaint when he raises additional factual allegations and/or changes the legal theory.

As the Fifth Circuit has explained to this Court, "Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010)(citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)). While this rule is "particularly true" of *pro se* litigants, the Fifth Circuit has not limited its application to unrepresented parties. *Id.*; *see Sherman*, 455 F.2d 1235. Under Rule 15(a), leave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994). Rule 15(a) "evinces a bias in favor of granting leave to amend. " *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Unless there is a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

Further, the Fifth Circuit case relied upon by Northwestern, *U.S. ex. rel. DeKort v. Integrated Coast Guard Sys.*, 475 Fed. App'x 521, 522 (5th Cir. 2012),[1] does not provide reliable authority

---

[1] The Court finds that the Eleventh Circuit case cited by Northwestern, *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004), is not precedential. Although the case was cited in *DeKort*, it stands for the proposition that the proper procedure is to amend the complaint, rather than raise a new claim at the summary judgment stage. That point is undisputed.

Notably, it is not proper procedure to raise a new claim at trial either, yet Rule 15(b)

4

otherwise. While the Fifth Circuit did state that the plaintiff's claim in *DeKort* was "raised in his response to the defendants' motions for summary judgment and, as such, **was not properly before the court**." (emphasis added). However, the Fifth Circuit also discusses the fact that the district court actually considered the claim, finding that, even if properly pled, the claim had no merit. *Id.* Further, the district court also considered the plaintiff's motion to stay to conduct further discovery and for leave to amend if such discovery proved fruitful, both of which were filed after the motions for summary judgment. The Fifth Circuit found no error in the district court's denial of these motions, but only where such discovery and potential amendment would have been futile. Thus, while a claim raised in a memorandum is not properly before a court, the *DeKort* decision is not inconsistent with other Fifth Circuit decisions which prevent district courts from ignoring such claims altogether or excluding evidence of such claims at trial. Rather, the proper procedure is to consider under Rule 15(a)'s liberal standard whether amendment of the pleadings should be allowed to add the new claims.

In the cases cited by Northwestern, the party attempted to assert a new claim or bring in a new party in an effort to defeat summary judgment. In this case, Laborde did not assert a new theory of recovery or legal "claim" for damages in his opposition memorandum in an effort to defeat Northwestern's legal arguments in its Motion for Summary Judgment. Laborde did, in the more general sense, raise new factual claims to support a finding that he remains disabled and unable to perform microsurgery because of the additional conditions of a finger injury and cardiac issues. It

---

provides for just such a scenario, advising the Court to allow amendment to the pleadings at trial if "doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." FED. R. CIV. P. 15(b).

is questionable to the Court whether it was necessary for Laborde to amend his Complaint at all based on later developed facts supporting the same legal theories of recovery. The Court is even less convinced of the necessity of amendment when it is undisputed that Northwestern had knowledge of these additional conditions, which were made the subject of a second application for disability benefits filed shortly after the Complaint was filed, and Northwestern had the opportunity to obtain information about these additional conditions through discovery. Nevertheless, it is the preferable procedure for a party to move to amend its pleadings if there is any doubt whether it should do so, so that the record is clear.

To the extent that Laborde should have moved to amend his Complaint to include these additional facts, the Court finds he should be granted leave to do so prior to trial. Northwestern has suffered no prejudice,[2] and it is in the interest of justice and judicial economy for Laborde to be permitted to amend, so that trial may proceed on all the related allegations with regard to the claims he pled: that Northwestern breached the contract of insurance based on its determination that his occupation was not microsurgery and that it did so in bad faith. Therefore, to the extent that Northwestern moves to exclude Laborde from offering evidence of his finger injury and cardiac condition, that they are or were disabling, and that they prevented him from performing microsurgery throughout the term of the policies, Northwestern's Motion *in Limine* is DENIED.

However, the same analysis does not apply to Laborde's claim that his finger injury and

---

[2]*Cf. Wade v. Cycle Mart, L.P.,* No. A-14-CV-00427-ML, 2015 WL 4404876, at *3 (W.D. Tex. July 17, 2015) ("The Fifth Circuit has also recognized that granting leave to amend to assert new legal theories after the close of discovery may unduly prejudice the opposing party **where there was no opportunity or reason to explore the factual basis** of the late-plead theory during the discovery period.") (emphasis added).

cardiac condition also limit him in performing general surgery. The Complaint did not allege Laborde's occupation to be general surgery. Rather, the on-going dispute in this case has been whether Laborde was specifically insured for his occupation of microsurgery. To the Court's knowledge, Northwestern did not deny a disability claim based on his inability to perform general surgery (or perform general surgery full time). Laborde's late amendment of his legal theory would be prejudicial to Northwestern on the eve of trial. Therefore, to the extent that Laborde intends to offer evidence that his finger injury and cardiac issues prevented or limited his ability to perform general surgery, Northwestern's Motion *in Limine* is GRANTED.

**B.     Expert Testimony**

Next, Northwestern seeks to prevent Laborde from offering the expert testimony of his accountant, A. Anderson Hartiens ("Hartiens"), because Laborde did not disclose the identity of his expert or provide an expert report by the March 2, 2017 deadline contained in the Court's Scheduling Order.

Laborde responds that he identified Hartiens as an expert in his October 4, 2016 initial disclosures and described the testimony he would provide. Moreover, while untimely, Laborde points out that on March 31, 2017, he provided another copy of Hartiens' opinions and his curriculum vitae to Northwestern. After the Court granted a motion to compel, Laborde also provided Northwestern with his tax returns for tax years 2014-2016.

In its reply memorandum, Northwestern responds that the disclosures on March 31, 2017, did not comply with the Scheduling Order deadline of March 2.

Rule 26 of the Federal Rules of Civil Procedure provides that a party must disclose "any person who may be used at trial to present [expert testimony]." FED. R. CIV. P. 26(a)(2)(A). The

expert must prepare and sign a written report containing, among other things, the expert's qualifications, a list of publications authored by the expert in the preceding ten years, the compensation to be paid for the study and testimony, and a listing of other cases in which the witness has testified as an expert within the preceding four years. FED. R. CIV. P. 26(a)(2)(B). "These disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C).

Further, the Court's Scheduling Order directs that a plaintiff's expert information and reports must be provided to the opposing party 180 days before the pre-trial conference, which was calculated as March 2, 2017. [Doc. No. 17].

However, with regard to lay witnesses, Laborde was required only to identify the witness, provide the address and telephone number for the witness, and provide subjects of information that he may use to support his claim. FED. R. CIV. P. 26(a)(1)(A)(i); [Doc. No. 17]. By both the Scheduling Order and the Federal Rules of Civil Procedure, Laborde is also charged with complying with the discovery provisions.

First, there is apparently no dispute that Laborde timely complied with his initial disclosures under Rule 26 by listing Hartiens as a potential witness and the potential basis of his testimony. Therefore, Northwestern was certainly aware of him and the information he possessed well before March 2, 2017.

Second, the Court has reviewed the subject of his testimony, which appears to be limited as a reporting of Laborde's salary for 2013-2015 and his corporate net income loss. To this extent, Hartiens is not testifying as an expert witness, but as s lay witness. Much like a treating physician, Hartiens is no doubt an "expert" in the area of accounting, but his testimony in this case will be as

Laborde's own accountant who can testify factually about his income before and after the onset of his alleged disabilities.

Finally, even if some of Hartiens' testimony could be characterized as expert testimony, the Court is not inclined to impose the harsh remedy of excluding Hartiens' testimony for a technical violation based on the 28-day delay of providing the report, CV, and list of prior testimony. This case is not set for trial until October 2, 2017, six months after the information was disclosed. While the Court expects every attorney to comply with the Scheduling Order deadline or to file the appropriate motion for extension of time, the remedy sought by Northwestern is too great when there is no evidence that Laborde's delay prejudiced Northwestern.

Under these circumstances, the Court declines to prevent Laborde from offering the testimony of Hartiens, and Northwestern's Motion *in Limine* is DENIED in this regard.

MONROE, LOUISIANA, this 8th day of September, 2017.

*[signature]*
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**